## HILL *v.* ROCKINGHAM BANK.

A bill in equity will lie to compel the delivery of certificates of stock to one who has already the equitable title to such stock.

So it will lie to enforce the payment of a legacy, although no decree has been made by the probate court.

THIS is a bill in equity, brought by George W. Hill and his wife against the Rockingham Bank and its president and cashier, and

also Burnham C. Dennett and wife and William H. Deverson; and the grounds upon which relief is sought sufficiently appear in the opinion of the court.

*W. H. Rollins*, for the plaintiff.

*Horace Webster*, for the defendants.

BELLOWS, J.   The case stated by the bill is, that the testator gave to his wife the interest of one thousand dollars, to be invested in good bank stock, during his life time; and after his decease the principal to be divided among his living children; that the estate was duly settled, and so much of the $1000 as remained was invested in the purchase of thirteen shares of stock in the Rockingham Bank in the name of the heirs of W. Deverson; that the certificate for such stock was deposited in said bank, and still remains there; and that the wife is dead, and the plaintiff, Mehitable Hill, is the only living child of the testator.   The prayer is that the certificate may be delivered to the plaintiff, and for other relief.

The defendant demurs to the bill; and one ground is that it does not appear that the title to this legacy has been determined by the probate court.   We do not, however, think it is necessary it should be, because that court has not exclusive jurisdiction of such questions, but a suit at law may be sustained for a legacy when the executor has assented, or a bill in equity without such assent; and in neither case is it necessary that there should be a previous decree by the probate court.   It is also contended that the bill can not be maintained, because there is at law a plain and adequate remedy.

Assuming the allegations in the bill to be true, the equitable interest in the stock would seem to be in the plaintiff, and she is entitled to the certificates withheld by the bank, unless it is made to appear that the executor, or some other child, or its representative, has a claim on the stock.   If, then, the sole equitable interest is in her, and the bank improperly withholds the certificates, a court of equity will interpose and decree the delivery of the certificates, although the suit at law might also be sustained.   It is true, that a court of equity does not ordinarily interpose to enforce a specific performance of a contract respecting personal property, unless an adequate remedy at law can not be had; but it is otherwise where the equitable title is already in the plaintiff, but the legal title in another.

Accordingly it was held in *Mechanics Bank of Alexandria* v. *Seton*, 1 Peters 299, that a bill in equity would lie to compel a bank to open its books to admit a transfer of stock by a trustee to the *cestui que trust*.   So when a promissory note had been assigned and delivered, but, by accident or design, not indorsed as it was agreed to be, equity decreed the indorsement of it.   *Watkins* v. *Maule*, 2 Jac. & Walk. 242; 2 Story Eq. Jur., sec. 729.   So also the certificates of stock were decreed to the holder of scrip receipts, in *Doloret* v. *Rothschilds*, 1 Sim. & Stu. 590, cited in 2 Story Eq. Jur. 724.   In *Cowles* v. *Whitman*, 10 Conn. 121, the plaintiff had subscribed for stock in a new bank, in the name of the defendant's intestate, with

the agreement that the plaintiffs were to pay for and have so much as she could not pay for; and she being unable to pay for any, the plaintiffs paid for the whole. Upon a bill in equity against the administrators an assignment to the plaintiffs was decreed, upon the ground that the plaintiffs were the owners in equity, and the defendants the holders of the legal title in trust.

So in this case, the bank must be regarded as holding the certificates in trust for the owner; and for the purpose of perfecting and quieting the title of the owner, a court of equity may properly decree the delivery of such certificates.

A question might arise whether the equitable interest in those shares had actually vested in the plaintiff until assented to by the executor, notwithstanding it is alleged that the estate had been duly settled. But if this be so, still a bill in equity for a legacy will lie, even although the executor has not assented to it, 1 Story Eq., sec. 593; *Sherburne* v. *Goodwin*, 44 N. H. 271. In such a case, to be sure, the executor should be joined as such, with such allegations as would show a right to relief. Here it does not appear that the executor is made a party, as it is quite probable he should be; but as no objection for want of parties is made, we have not considered that question.

We are, then, of the opinion that no previous decree of the probate court was necessary, and that a court in equity has jurisdiction of the cause which is substantially disclosed in the bill, and therefore

*The demurrer is overruled.*